**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **BUDDY CONOR HOWELL, #06017522,** ) | |
|        **Plaintiff,** ) | |
| ) | |
| **v.** ) | **3:05-CV-1652-R** |
| ) | **ECF** |
| **LUPE VALDEZ, et al.,** ) | |
|        **Defendants.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights complaint brought by a county inmate pursuant to 42

U.S.C. § 1983.[1]

Parties:  Plaintiff is presently incarcerated at the Dallas County Jail in Dallas, Texas.

Apart from a brief period of time between January and March 1, 2006, during which time he was

released from confinement, Plaintiff has been continuously incarcerated at the Dallas County

Jail.

Defendants are Dallas County Sheriff Lupe Valdez, Dr. John Stobo, Dr. Ben Reimer,

Officers Morgan and Cole, Medical Technician Emetka Okorocha, Dallas County Medical

---

[1]    On September 30, 2005, Plaintiff filed an "amended complaint," adding new
claims and parties.  In light of his *pro se* status, the Court has liberally construed this pleading as
a supplement to the original complaint.

Director for Mental Health Rita Moss, the Dallas Police Department, the City of Dallas, Chief of Police David Kunkle, Detectives Figueroa, Bassinger, Hall, and Habbard, and Police Officer Hubner, Hannah R. Tamez, and Jeffre Wiggington.

The Court ha not issued process in this case, pending preliminary screening.  On October 26, 2005, and on January 18, 2006, the Court issued original and supplemental questionnaires to Plaintiff, who filed his answers on November 7, 2005, and April 5, 2006, respectively.

Statement of Case:  The original and supplemental complaints challenge the confiscation of Plaintiff's personal property by employees of the Dallas Police Department at the time of his arrest, as well as the conditions of his confinement at the Dallas County Jail.  In support of the latter, Plaintiff alleges denial of access to the law library and writing and mailing supplies, inadequate supervision and nutritional food, and denial of medical care for pre-existing medical conditions (failure to monitor and treat his severe high blood pressure, and failure provide psychiatric medications for his severe depression).  (Complaint at 4 and Supplemental Complaint filed September 30, 2005).  With respect to a serious head injury for which Plaintiff was treated for excessive blood loss, and received fifteen staples and ten stitches at Parkland Memorial Hospital, Plaintiff complains that Defendant Okorocha failed to clean the wound and provide bandages and prescribed antibiotic medication.  (Supplemental Complaint at 1 and Plaintiff's affidavit filed Sept. 30, 2005).  Plaintiff requests compensatory and punitive damages.

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP).  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).[2]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Plaintiff alleges that his personal property was seized and converted by Dallas Police Department employees at the time of his arrest.  Such a claim lacks an arguable basis in law. The Supreme Court has held that the unintentional loss of life, liberty or property does not state a cause of action under 42 U.S.C. § 1983.  <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986).  Where mere negligence is involved in causing a deprivation or damage to property, no procedure for compensation is constitutionally required. <u>Id.</u>  Therefore, insofar as Plaintiff's claim for seizure and theft of his personal property is grounded on negligence, it lacks an arguable basis in law and should be dismissed as frivolous.

To the extent Plaintiff seeks redress for the intentional conversion of his personal

---

[2]     42 U.S.C. § 1997e(c)(1) is also available at the screening stage.  It provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

property, his claim fares no better.  The United States Supreme Court has held that the

intentional deprivation of property by state employees does not constitute a civil rights violation

as long as the state provides a meaningful post-deprivation remedy.  Hudson v. Palmer, 468 U.S.

517, 533 (1984); accord Nickens v. Melton, 38 F.3d 183, 184-85 (5th Cir. 1994); Holloway v.

Walker, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed

constitutional rights, even where a high level state employee intentionally engages in tortious

conduct, as long as the state system as a whole provides due process of law).  "In essence, the

doctrine protects the state from liability for failing to provide a predeprivation process in

situations where it cannot anticipate the random and unauthorized actions of its officers."  Myers

v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).  The plaintiff bears the burden of establishing

that the state's postdeprivation remedy is inadequate.  Id. at 94-95.

Under Texas state common-law, Plaintiff may sue for conversion to remedy his alleged

property loss.  Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994); Myers v. Adams, 728

S.W.2d 771 (Tex. 1987); see also  Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. Civ. App. --

San Antonio 1978, no writ) (conversion occurs when there is an unauthorized and unlawful

exercise of dominion and control over the personal property of another which is inconsistent

with the rights of the owner).  Such a common-law action in state court would be sufficient to

meet constitutional due process requirements.  Murphy, 26 F.3d at 543-44.  Accordingly,

Plaintiff's conversion claim fails to state a due process claim upon which relief can be granted.

See Dickerson v. City of Denton, 298 F.Supp.2d 537, *542 (E.D. Tex., 2004) (extending Hudson

v. Palmer to property deprivation claim by city police department); Mamoth v. City of Farmers

Branch, 2002 WL 255480, *7-8 (N.D.Tex.,2002) (No. 3:01cv921-P) (same).

4

Next the Court addresses Plaintiff's conditions of confinement claims at the Dallas County Jail.  Before reaching the merits of any of these claims, the Court must determine whether he has exhausted his administrative remedies under 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies under § 1997e(a) is mandatory.  See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004); Days v. Johnson, 322 F.3d 863, 866 (5th Cir.2003). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This Court extensively inquired in the supplemental questionnaire as to Plaintiff's efforts to satisfy the exhaustion requirement.  This inquiry was prompted by Plaintiff's answer to the original questionnaire (see answers filed on November 7, 2005), and by copies of responses from the Inmate Grievance Committee, which Plaintiff submitted to this Court for review (see exhibits 1-6 filed September 26, 2006).  In answer to the original questionnaire, Plaintiff stated that he had "filed numerous grievances on each issue, and only a few were acknowledged or answered, and . . . [that he had] placed them in the court record as exhibits."  (Answer to Question 3 of the original questionnaire).  The responses from the Inmate Grievance Committee, however, did not support his allegations.  A review of the six responses from the Inmate Grievance Committee reflected that Plaintiff had attempted to exhaust only his denial of access claim and complaints of interference with his legal mail, indigent correspondence, and writing supplies.  (See Exhibits 1-6 filed September 26, 2006).

In response to the supplemental questionnaire, Plaintiff now states that he exhausted the administrative remedies available to him at the Dallas County Jail by filing grievances for each of his claims at issue in this case and by appealing their denial.  (Answer to Questions 1, 2, 4, 5, 7, 8, 10, 11, 13, 15, and 16 to the supplemental questionnaire).  Plaintiff further states that he is presently unable to provide copies of all his grievances, responses, and appeals.  (Answer to Question 1).  He explains that in January 2006, when he was released from the Dallas County Jail, he brought home all the legal documents in this case, and no friend or family member is able to access them at the present time.  (Id.).  Plaintiff also states that he never received a decision on any of his appeals.  (Answer to Questions 1 and 2 of the Supplemental Questionnaire).

For purposes of the screening provision, the Court concludes that Plaintiff has sufficiently alleged that he exhausted his administrative remedies under § 1997e(a).  Therefore, the Court proceeds to address the remaining claims on the merits.

Plaintiff asserts that Defendants denied him adequate access to the law library and writing and mailing supplies.  These claims must be analyzed under the more general right of access to the courts.  In Bounds v. Smith, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts.  See also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).  "This right of access for prisoners is not unlimited, however; rather, it encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'"  Id. at 310-311 (quoting Lewis v. Casey, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)).  Before an inmate may prevail on a claim that his constitutional

6

right of access to the courts was violated, he must demonstrate that the suffered "actual injury" --
i.e. that the denial of access "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at
351.  See also McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).  The actual-injury
requirement applies even in cases "involving substantial systematic deprivation of access to
court," including the "total denial of access to a library," or "an absolute deprivation of access to
all legal materials." Lewis, 518 U.S. at 353 n. 4.

Plaintiff's complaint identifies one civil action in which he contends he was harmed by
the alleged denial of access to the law library, writing and mailing supplies.  This action is
Howell v. Box, 4:04cv220 (E.D. Tex., Sherman Div. filed on June 23, 2004), which challenged
the conditions of confinement at the Collin County Detention Center.  In answer to the
supplemental questionnaire, Plaintiff explains that he was harmed because he was unable to
respond properly, move for summary judgment, and prepare and mail discovery to all of the
thirty-three defendants sued in Howell v. Box, et al.  (Answer to Question 3 of the Supplemental
Questionnaire).

Plaintiff cannot satisfy the "actual injury" requirement.  A review of the docket sheet in
Howell v. Box reflects that Plaintiff was able to respond to Defendants' motion for more definite
statement filed on March 23, 2005 (docket # 47), and their subsequent motions to dismiss filed in
September 2005 (docket # 76, 83, 84, and 86).  The docket sheet further reflects that Plaintiff did
file a motion for discovery on January 4, 2006  (docket #106).  On January 11, 2006, however,
the Magistrate Judge recommended that Defendants' motions to dismiss be granted, that all
remaining motions be denied, and that the complaint be dismissed for failure to state a claim.  On
February 2, 2006, a final judgment dismissing the case was filed.  In light of the dismissal of

Howell v. Box, this Court cannot find that Plaintiff had any supportable claim which was harmed by the alleged denial of access to the law library, mailing and writing supplies.  Absent any cognizable injury or prejudice, Plaintiff cannot raise a claim for denial of access to the courts or the law library and this claim should be dismissed with prejudice as frivolous.

Next Plaintiff complains of inadequate supervision and nutritional food at the Dallas County Jail, creating a situation of cruel and unusual punishment.  (Complaint at 4).  He alleges that Sheriff Valdez is responsible for both of these alleged violations because she is "the ultimate responsible executive for constitutional violations at the Dallas County Jail," and has had more than adequate time to make policy changes.  (Id. at 3-4 and Answer to Question 11).

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights.  See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Bigford v. Taylor, 834 F.2d 1213, 1220 (5th Cir. 1988); Thibodeaux v. Arceneaux, 768 F.2d  737, 739 (5th Cir.1985) (per curiam).  Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th  Cir. 1987); see also Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985).

The answers to the magistrate judge's questionnaire reflect that Plaintiff cannot meet either of the above standards.  Plaintiff seeks to sue Sheriff Valdez because of her title as the Sheriff of Dallas County.  (See Answer to Questions 11 and 12).  Neither Plaintiff's complaint

nor the answers to the questionnaire allege any facts which this Court could liberally construe to allege that Sheriff Valdez was personally involved in the acts causing the alleged deprivation of his constitutional rights as a result of inadequate supervision and nutritional food.  Therefore, Plaintiff's claims against Sheriff Valdez lack an arguable basis in law and should be dismissed with prejudice as frivolous.

Alternatively, the Court notes that Plaintiff has not alleged a sufficient physical injury as a result of the failure to provide adequate nutritional food under 42 U.S.C. § 1997e(e).  The physical injury requirement of § 1997e(e) requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody. See 42 U.S.C. § 1997e(e); Harper v. Showers, 174 F.3d 716, 719 n. 5 (5th Cir. 1999).  Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The "'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'"  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)) (alteration in original).

Plaintiff complains of "weight loss" as a result of Defendants' failure to provide adequate nutritional food.  (Answer to Question 12 of supplemental questionnaire).  Such weight loss amounts to a de minimis physical injury at the most.  Plaintiff explains neither how much weight he lost, nor whether he suffered from side effects which required medical attention.  Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (concluding that nausea, which was not severe enough to warrant medical attention, was de minimis).  While he alleges possible "medical implications" in the future as a result of "long term malnutrition" (Answer to Question

9

12), his allegations are unsupported and conclusory at best.[3]

Accepting as true Plaintiff's remaining claims as to the denial of medical care for his pre-existing medical conditions (severe high blood pressure and depression) and the failure to clean his head wound and provide antibiotic medication for his serious head injury, the Court concludes that Plaintiff has arguably raised claims cognizable under 42 U.S.C. § 1983.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (to state a colorable claim for the denial of medical care under the Eighth Amendment, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs."); Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999) (under the Due Process Clause of the Fourteenth Amendment, the same standard applies to pretrial detainees who complain of episodic acts or omissions resulting in the denial of medical care).

Plaintiff's allegations that Dr. John Stobo and Dr. Ben Raimer refused to monitor and treat his severe high blood pressure, and that Defendant Rita Moss denied psychiatric medications, which had been prescribed during an earlier incarceration, raise claims that they may have been deliberately indifferent to serious medical needs.  (Answer to supplemental questions 1-3 and 8).  The same applies to Plaintiff's allegations that Medical Technician Okorocha refused to clean his severe head wound and provide necessary bandages and

---

[3]        It appears that Plaintiff may have alleged an adequate physical injury as a result of inadequate supervision and the failure to provide psychiatric medications.  In answer to Supplemental Question 17, he attributes for the first time his September 7, 2005 head injury, as a result of the beating by fellow inmates and an ensuing slip and fall, to the alleged inadequate supervision and the failure to provide psychiatric medications.  Plaintiff may also have alleged a sufficient physical injury as a result of Defendants' failure to monitor and treat his serious high blood pressure and failure to clean his head wound and provide clean bandages and antibiotic medications.

prescribed antibiotic medication.  Plaintiff alleges that his head injury was serious and required emergency treatment at Parkland Memorial Hospital where he was treated for excessive blood loss, and was given 15-18 staples and 10 stitches to reattach his scalp to his medula. (Supplemental Questionnaire at Plaintiff's affidavit).  Therefore, Plaintiff's medical care claims are not subject to dismissal at the screening stage.

RECOMMENDATION:

For the foregoing reasons, it is recommended (1) that Plaintiff's claims of denial of access to the Courts against Officers Morgan and Cole, including his claim of denial of access to the law library, writing and mailing supplies, (2) that his claim of seizure and deprivation of property against employees of the Dallas Police Department and the City of Dallas, including Chief of Police David Kunkle, Detectives Figueroa, Bassinger, Hall, and Habbard, and Police Officers Hubner, Hannah R. Tamez, and Jeffre Wiggington, and (3) that his claim of inadequate supervision and nutritional food against Sheriff Valdez, be dismissed with prejudice as frivolous. See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

It is further recommended that process be issued on Plaintiff's claims of denial of medical care for his pre-existing medical conditions (severe high blood pressure and severe depression) by Dr. John Stobo, Dr. Ben Raimer, and Defendant Rita Moss, and for the failure to clean his head wound and provide bandages and prescribed antibiotic by Medical Technician

Emetka Okorocha.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 18th day of April, 2006.

_____

WM. F. SANDERSON, JR.

UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.